United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 27, 2026

Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 19-20562** |
| TARA KAY CUVELIER, | § | |
| | § | **CHAPTER 13** |
| Debtor. | § | |
| | § | |
| TARA KAY CUVELIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-2009** |
| | § | |
| MOHELA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Tara Kay Cuvelier and Navient Solutions, LLC, on behalf of the named defendants, cross-move for summary judgment regarding the dischargeability of certain student loans.

For the reasons stated below, there is a genuine dispute of material fact as to whether the loan constitutes a qualified education loan under § 523(a)(8)(B).  That issue will proceed to trial.  The request for discharge violation sanctions is denied as a matter of law.

## BACKGROUND

Cuvelier was a full time student at Academy of Art University ("AAU") from 2006 to 2007.  Navient disbursed three educational loans during that period.  Cuvelier signed and certified the terms and conditions of all three loans.[1]  ECF No. 46-1 at 1, 5, 6.  The loan at issue

---

[1]  Cuvelier's summary judgment motion appears to address the dischargeability of only one of three loans.  Cuvelier's reply at ECF No. 47 then expands the analysis to

is the second loan dated May 23, 2006, in the amount of $16,849.00. ECF No. 46-3 at 2.   The loan was disbursed in three installments:

- $5,545 on May 23, 2006
- $5,652 on August 10, 2006
- $5,652 on January 2, 2007

ECF No. 46-3 at 2.  Those amounts were disbursed to the financial aid office at AAU.

After the second disbursement was made, AAU issued a check to Cuvelier in the amount of $4,671.00.  ECF No. 42-19 at 1.  Cuvelier used those funds to purchase photography equipment and supplies "required for her specialized curriculum."  ECF No. 42-1 at 2.

Cuvelier filed a petition for relief under chapter 13 of the Bankruptcy Code on November 14, 2019.

Cuvelier's general debts were discharged on December 26, 2024. Case No. 19-20562,  ECF No. 70.

After the Discharge Order was entered, Navient issued a billing statement to Cuvelier, seeking the current and past due amount of $5,104.23 on a total balance of $110,444.31.  ECF No. 42-10 at 1.

## JURISDICTION & VENUE

28 U.S.C. § 1334 provides the District Courts with jurisdiction over this proceeding.  28 U.S.C. § 157(b)(1) states "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."  This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012).  This is a core proceeding which the Court can consider under 28 U.S.C. §§ 157(b)(2)(A) and (B).  The Court has constitutional

---

address the dischargeability of all three loans.  Because the Reply raises arguments concerning the additional loans for the first time, the Court will not consider them.

authority to enter final orders and judgments.  *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011).  Venue is proper under 28 U.S.C. §§ 1408, 1409.

### LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, made applicable in these proceedings by Bankruptcy Rule 7056, provides that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Where the only issue before the court is a pure question of law, summary judgment is appropriate.  *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).

### DISCUSSION

#### I.   MOTION TO PRECLUDE EVIDENCE

As a threshold matter, Cuvelier moves to preclude evidence introduced by Navient in its summary judgment motion and response to Cuvelier's summary judgment motion. ECF No. 47 at 2.  Those include:

- Signature Student Loan Application and Promissory Note for the three loans.  ECF No. 46-1.
- Declaration of Kimberly Peace.  ECF No. 46-2.
- Approval letters for the three loans.  ECF No. 46-3.

Cuvelier argues that those documents were not attached to the corresponding proofs of claim filed by Navient and, as a result, should be precluded, under Bankruptcy Rule 3001(c)(3)(A).

The Court disagrees.  Bankruptcy Rule 3001(c)(3)(A) provides, in the case of an individual debtor, that: "any required information omitted from a proof of claim cannot be used in any hearing concerning the claim if the omission was not substantially justified or harmless."  9A COLLIER ON BANKR. P. 3001.09 (16th ed. 2026).  Cuvelier asks the Court to exclude all evidence not attached to the proof of claim.  That is neither

required nor permitted by Rule 3001(c)(3)(A). That subsection only applies to information that was required to be attached to the proof of claim, but was omitted.

The Court has reviewed the proofs of claim. Case No. 19-20562, Claims Nos. 4-1, 5-1, 6-1. Each proof of claim attached the signed loan application as supporting documents required by Rule 3001(c)(1). Cuvelier does not dispute that such documents were attached. Cuvelier's argument instead focuses on the omission of additional disclosure statements and loan documents.

Neither the declaration by Kimberley Peace nor the loan approval letters were required to be attached to the proofs of claim. Cuvelier's argument fails under Rule 3001(c)(3)(A).

Cuvelier further asserts that the evidence was not disclosed as required under Rule 26(a)(1)(A)(ii) (as made applicable by Bankruptcy Rule 7026) under the Federal Rules of Civil Procedure and should be precluded under Rule 37(c)(1) (as made applicable by Bankruptcy Rule 7037).

Rule 26(a)(1)(A)(ii) requires a party to provide: "a copy—or a description by category and location—of all documents, electronically stored, information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]"

The court finds that no failure to disclose information exists here. Navient disclosed descriptions in its initial disclosures at ECF No. 37-1 at 1.

- Loan documents executed by the Plaintiff, copies in NSL's possession.
- Plaintiff's Bankruptcy petition, Schedules and Statements.
- Plaintiff's responses to NSL's discovery requests.
- Navient's records of loan certification
- Any other documents as yet unknown.

"To comply with Rule 26(a)(1)(A)(ii), parties do not need to produce physical documents." *Mission Toxicology, LLC v.*

*UnitedHealthcare Ins. Co.*, 499 F.Supp. 3d 338, 343 (W.D. Tex. 2020). Signature Student Loan Application and Promissory Note (ECF No. 46-1) and Approval Letters (ECF No. 46-3) fit within those descriptions. The Declaration of Kimberly Peace in support of Rule 56 summary judgment did not exist at the time of initial disclosures. It is allowed to be considered at this stage.

## II.   STUDENT LOAN DISCHARGEABILITY

Section 523(a)(8) of the Bankruptcy Code excepts certain student loan debt from discharge.  The parties' dispute turns on whether the student loan debt at issue falls under Subsection (B), which provides: "any other education loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]"  11 U.S.C. § 523(a)(8)(B).

Section 221(d)(1) of the Internal Revenue Code defines "qualified education loan" as "any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses[.]"  Qualified higher education expenses consist of the cost of attendance at an "eligible education institution" reduced by scholarships and other payments.  26 U.S.C. § 221(d)(2); *In re Crocker*, 951 F.3d 206, 217–18 (5th Cir. 2019).  The parties do not dispute that Cuvelier was a full time student at an "eligible education institution" at the time the loan at issue was disbursed.

The sole issue is whether the loan at issue is a qualified education loan, where the debtor allegedly received loan proceeds from the school and the debtor subsequently used on photography equipment.  Cuvelier argues that the Court must compare the loan proceeds against the cost of attendance and determine if any portion exceeded that amount. Navient responds that the certified loan documents establish that the loan is a qualified education loan under § 528(a)(8)(B).

Cuvelier's reliance on *In re Crocker*, 941 F.3d 206 (5th Cir. 2019) and *In re Pearson*, BAP No. CC-25-1086-GCN, 2026 WL 561398 (B.A.P. 9th Cir. Feb. 27, 2026) is misplaced.

The Fifth Circuit in *Crocker* held that the plain language of § 523(a)(8)(A)(ii) does not include private student loans, which is controlled by subsection (B). 941 F.3d at 224. *Crocker* sheds no light on whether excess private loan funds exceeding the cost of attendance lose their status as qualified education loans for subsection (B) purposes.

*Pearson* likewise is inapposite. *Pearson* addressed a situation where a private student loan was used at both qualifying and non-qualifying educational institutions. 2026 WL 561398, at *1. The BAP held that the "multi-purpose" loan was not a qualified education loan because "it was not incurred solely to pay qualified higher education expenses." *Id.* In *Pearson*, the debtor borrowed $331,500 from his parents-in-law for the purpose of funding his pre-medical undergraduate work and medical school expenses. *Id.* at *2. The trial court found that $266,876.81 of that amount constituted qualified higher education expenses because those funds were used for an eligible medical institution. The remainder did not constitute qualified higher education expenses because the funds were used at an undergraduate school that was not recognized as an "eligible institution." *Id.* at *3, 5. The parties did not contest these findings and the BAP was bound by them. *Pearson* did not address whether loan proceeds exceeding a borrower's cost of attendance lose their status as qualified education loans.

The Court finds the Sixth Circuit's reasoning in *In re Conti*, 982 F.3d 445 (6th Cir. 2020) instructive. There, the Sixth Circuit held that the initial purpose, not the actual use, of the loan dictates whether it is a qualified education loan. *Id.* at 449 (noting that "the statutory definition of qualified education loan specifically focuses on whether the loan was 'incurred . . . to pay' qualified higher education expenses, rather than on its ultimate uses.") "A loan's purpose is centrally discerned from the lender's agreement with the borrower." *Id.* Because the debtor in *Conti* did not present contrary evidence—e.g, that the loan proceeds exceeded the borrower's cost of attendance—the Sixth Circuit relied on the plain language of the documents to ascertain the loan's purpose. *Id.*

Here, the undisputed loan documentation provides that the purpose of the loan was to pay for qualified higher education expenses.

- "I certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the School." ECF No. 46-1 at 8.

- "I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School." ECF No. 46-1 at 8.

- "I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief." ECF No. 46-1 at 5.

Cuvelier does not dispute the plain language in the loan documents that she signed and executed. Nor does she dispute that the loan was certified by AAU's financial aid office.

But Cuvelier has produced some contrary evidence. She asserts she received a $4,671.00 refund in fall 2006. She contends that the refund reflects loan proceeds exceeding her cost of attendance. Both parties dispute the correct cost of attendance calculation. It is a factual dispute inappropriate for summary judgment. It is material because § 221(d) of the Internal Revenue Code requires debt to have been incurred *solely* to pay qualified higher education expenses.

The plain language of the loan documents is certainly some evidence of the loan's purpose. But as *Conti* reads, contrary evidence may be considered when determining a loan's purpose for § 523(a)(8)(B).

The Court therefore denies summary judgment on whether the loan is a qualified education loan under § 523(a)(8)(B).

## III.   DAMAGES FOR DISCHARGE VIOLATION

The Court denies Cuvelier's request for sanctions for a discharge violation under § 105(a).  Under *Taggart v. Lorenzen*, a creditor may be held in civil contempt for violating a discharge order where there is no "fair ground of doubt" as to whether the creditor's conduct was lawful. 587 U.S. 554 (U.S. 2019).

Here, the parties dispute the law for determining whether a loan constitutes a qualified education loan for § 523(a)(8)(B) purposes. Existing authority does not provide a clear answer.  It does not demand, as Cuvelier argues, the lender to ascertain the dischargeability of every loan through a mathematical analysis before proceeding with collection actions.  Because the law is unsettled, there is at least some fair ground of doubt regarding Cuvelier's post-discharge conduct.

Contempt sanctions are unavailable as a matter of law.

## CONCLUSION

A separate order will be entered.

SIGNED 05/27/2026

Marvin Isgur<br>
United States Bankruptcy Judge

8 / 8